Christopher R. Houk, State Bar No. 20843
**HOUK LAW FIRM, PLLC**
1050 East Southern Avenue, Suite A-3
Tempe, AZ 85282
Telephone: 480.569.2377
Facsimile:  480.569.2379
chouk@houklawfirm.com
*Attorneys for Kristin Fast*

Please send all documents to:
jmontanez@houklawfirm.com

# IN THE UNITED STATES DISTRICT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristin Fast,<br><br>Plaintiff,<br><br>vs.<br><br>GoDaddy.com, LLC, a foreign limited liability company, Thyagi Lakshmanan, Jane Doe Lakshmanan,<br><br>Defendants. | Case No.<br><br>**CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Kristin Fast developed a debilitating, permanent disease due to being pressured to stay at work after an injury and was terminated shortly after returning from leave in violation of the Family Medical Leave Act, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964.

**Plaintiff's Claims**

1. 42 U.S.C. § 2000(e)-2(1) – Title VII - Hostile Work Environment in Employment Based Upon Sex;

2. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220 - Family and Medical Leave Act, Interference Claim.

3. <u>42 U.S.C. §§ 12112(a) and (b)(5)(A)</u> – Americans with Disabilities Act, Failure to Provide Reasonable Accommodation.

4. <u>42 U.S.C. §§ 12112(a) and (b)(5)(B)</u> - Americans with Disabilities Act, Discriminatory Discharge.

## The Parties and Jurisdiction

5. The Plaintiff, Kristin Fast has been at all times material to this Complaint:

    A. an adult resident of Maricopa County, while currently being a resident of Hillsborough County, Tampa, Florida; and

    B. was employed by Defendant GoDaddy.com, LLC (GoDaddy); and

    C. a person whose sex is female.

6. Defendant GoDaddy is, and has been at all times material to this Complaint:

    A. the employer of Kristin;

    B. an employer of more than fifteen persons; and

    C. located within Arizona, including Maricopa County, Arizona;

7. Defendant Thyagi Lakshmanan is, and has been at all times relevant to this Complaint:

    A. An individual residing in King County, State of Washington;

    B. An "employer" as that term is defined in 29 C.F.R. § 825.104;

    C. Upon information and belief, lawfully married to Defendant Jane Doe Lakshmanan, whose name will be amended upon learning of her identity, acting on behalf of their marital community; and

    D. An agent of GoDaddy, acting on its behalf.

8. Kristin seeks relief for counts one through four which all arise from federal statutes. This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), (4).

9. All events alleged occurred in Maricopa County, Arizona, and Maricopa County is the domicile of all parties.

10. Based upon the foregoing, the United States District Court for the District of Arizona, Phoenix Division, is the appropriate venue for this action pursuant to 28 U.S.C. §1391(b).

11. Kristin has satisfied all conditions precedent to filing suit.

## Fact Allegations in Support of All Counts

12. In about December 2016, GoDaddy offered Kristin employment, having been pleased with her job performance when she worked for GoDaddy previously for over two years. In December 2016, GoDaddy offered to pay her a yearly bonus and restricted stock units that GoDaddy valued at $35,000 and that vested over 4 years.

13. Kristin accepted the offer and in about January 2017, Kristin started at GoDaddy as a Senior Program Manager – Engagement Marketing Platform.

14. Kristin performed her job duties satisfactorily.

15. In August 2017, Kristin filed a sex harassment claim against her supervisor.

16. In November 2017, GoDaddy transferred Kristin to a new supervisor, Thyagi Lakshmanan, who instructed her not to formally request time off for medical issues and to cancel her intermittent FMLA. As instructed, in December 2017, Kristin canceled her intermittent FMLA when it came up for renewal.

17. In February 2018, Kristin sustained injuries due to a skiing accident. Lakshmanan instructed Kristin not to officially file for leave.

18. Just days before Kristin's surgery, Kristin received her employment evaluation for the 2017 calendar year. She earned an overall score of 99 out of 100. Most GoDaddy employees don't receive a score as high as 99 out of 100.

19. In February 2018, Kristin underwent reconstructive surgery. Following surgery, Kristin's medical professionals stated she required heavy pain killers for about 10 days, so she should not make major decisions or judgment calls during that time period.

20. About three days after her medical release, Lakshmanan emailed Kristin that her duties with regard to her current projects were being removed from her and that she need not attend any future meetings on these projects. Lakshmanan told Kristin that her projects were to be transferred to men, including Phil Davidson.

21. Kristin spoke to Lakshmanan asking him if she was going to lose her projects permanently, even when she came back from leave the following week. Lakshmanan told her she could keep her projects if she came back immediately.

22. Kristin had been working on these projects for about 13 months. Kristin knew from experience at GoDaddy that if she lost her projects she was at risk of losing her job. At the time, Kristin was the main breadwinner in her family and couldn't afford to lose her job.

23. Kristin returned to work 4 days after surgery, 6 days early, to keep her projects.

24. As a result of returning to work prematurely, Kristin developed Complex Regional Pain Syndrome (CRPS). CRPS Type I, which Kristin has, is a permanent condition without a cure and with only limited effective treatments. CRPS is one of the most painful conditions of all medical issues, as measured by the McGill Pain Index. Sitting in an upright position caused Kristin's CRPS.

25. As a result of returning to work prematurely, in February 2018, Kristin developed a blood clot. In February 2018, because of the blood clot and testing required to determine if she had CRPS, Kristin requested and was approved for leave under the FMLA. Kristin reported to the FMLA vendor that Lakshmanan threatened her projects and made her work when the doctor wanted her to be on leave.

26. After filing for leave under FMLA, Lakshmanan told Kristin:
    a. "I won't protect you anymore because you went to HR and filed for leave under the FMLA."
    b. Friends don't file leave requests;
    c. It was a betrayal for Kristin to file for leave;
    d. She put him in a bad position because she took leave; and

    e. Lakshamanan had to cover for Kristin to keep everything afloat because Kristin took leave.

27. In March 2018, after returning from leave, Lakshmanan told Kristin on a call that she violated his trust and got him in trouble for reporting him to the FMLA vendor that Lakshmanan threatened her projects and made her work when the doctor wanted her to be on leave. When Kristin responded that she wanted HR on the line because Lakshmanan was threatening her, Lakshmanan told Kristin that in 35 years, no woman has ever spoken to him in the way Kristin did. After the call, Lakshmanan also questioned Kristin's application for leave, suggesting she falsified information on her application.

28. In April 2018, GoDaddy terminated Kristin's employment, less than two weeks after Kristin's termination.

29. GoDaddy's proferred reason for terminating Kristin was because she had less technical experience than those retained.

30. But, Kristin had at least as much technical experience as the men who GoDaddy retained. In fact, following her separation from GoDaddy, Kristin obtained a position that required the technical skills that GoDaddy claimed she was lacking.

31. Prior to terminating Kristin's employment, GoDaddy terminated the employment of another woman who had more and better technical skills than the men who were retained.

32. GoDaddy also claimed they terminated the employment of her former supervisor for lacking technical experience, but, in fact, he was terminated primarily for other reasons, including the allegations of sex discrimination and harassment Kristin filed against him in August 2017. Also, GoDaddy terminated him more than a month prior to Kristin (in March 2018).

33. Following Kristin's termination, Kristin reported Lakshmanan's conduct to GoDaddy's CEO, the Chief People Officer, and the SVP of Martech. Less than two weeks

Page 5 of 14

later, GoDaddy informed Kristin that she wouldn't be able to have any other positions with GoDaddy.

34. Following Kristin's termination, GoDaddy promoted Lakshmanan.

35. Kristin filed a timely charge of discrimination, the EEOC issued a right to sue letter on April 23, 2020, and this lawsuit was filed timely.

## Demand for Jury Trial

36. Plaintiff Kristin demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and Federal Rule of Procedure 38(a), (b).

## Count One:

## Termination Based Upon Sex
## Title VII, 42 U.S.C. § 2000(e)-2(1)

37. Kristin repeats and realleges each allegation of this complaint as if fully set forth in this claim.

38. GoDaddy terminated Kristin's employment in violation of 42 U.S.C. § 2000(e)-2(1) based on sex and not men.

39. As a direct and proximate result of the conduct by GoDaddy, Kristin is entitled to compensatory damages including for pain, suffering (including pain and suffering due to developing Complex Regional Pain Syndrome (CRPS)), inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, anxiety, sorrow, fear, depression, loss of sleep, nightmares, loss of the love, care, affection, companionship, and other pleasures of the marital relationship, change in demeanor, and harmed reputation at work. Kristin also incurred medical expenses. Kristin is reasonably likely to incur more compensatory damages in the future.

40. Injunctive relief should be granted for Kristin against Defendant to prevent further acts of discrimination, particularly since the Defendant appears to be oblivious to their duties and liabilities under 42 U.S.C. § 2000(e)-2(1).

41. The unlawful employment practices complained of were intentional.

42. The unlawful employment practices complained of were done with malice or with reckless indifference to Kristin's federally protected rights.

43. Kristin seeks a judgment for the following:

A. Compensatory and general damages in an amount to be determined by the trier-of-fact;

B. Monetary damages, including lost wages, salary, employment benefits, 401K vesting, stocks, and other compensation, in an amount to be proven at trial

C. Reinstatement, or front pay in lieu of reinstatement;

D. Punitive damages against GoDaddy;

E. Injunctive relief to prevent future similar violations of federal statutes and to remedy harm done to Kristin;

F. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule of Civil Procedure 54(d)(2), and Local Rule of Civil Procedure 54.2; and

G. Her taxable costs incurred herein, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule of Civil Procedure 54.1, and 28 U.S.C. § 1920.

**Count Two:**
**Interference with Leave Claim Under the Family and Medical Leave Act,**

**29 U.S.C. § 2615(a)(1)**
**Against GoDaddy and Lakshmanan**

44. Kristin repeats and realleges each allegation of this complaint as if fully set forth in this claim.

45. It is unlawful for an employer to interfere with an employee's exercise of (or attempts to exercise) rights under the Family and Medical Leave Act (FMLA) including by chilling or discouraging the exercise of rights under the FMLA. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220; *Schuett v. Eli Lilly & Co.*, No. 3:10-CV-784-HZ, 2011 WL 5865950, at *11 (D. Or. Nov. 22, 2011).

46. At all relevant times, including in 2018, Kristin was eligible for leave and entitled to leave under the FMLA. 29 U.S.C. § 2611(2), 29 U.S.C. § 2612(a)(1) and (e)(1).

47. GoDaddy and Lakshmanan interfered with, discouraged, or chilled Kristin's rights under the FMLA including by threatening not to reinstate her to an equivalent position within the meaning of 29 C.F.R. § 825.214-15 if she remained on leave and terminating her employment days because she intended to exercise her rights under the FMLA and did exercise her rights under the FMLA.

48. The unlawful employment practices complained of above were willful.

49. As a direct and proximate result of the conduct by GoDaddy and Lakshmanan, Kristin suffered monetary damages, including lost wages, salary, employment benefits, 401K vesting, stocks, and other compensation, in an amount to be proven at trial pursuant to 29 U.S.C. § 2617(a)(1).

50. The unlawful employment practices complained of above were without good faith and without reasonable grounds for believing the acts or omissions were not a violation of the FMLA.

51. Kristin seeks a judgment for the following:

    a. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1).

    b. Equitable relief such as employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617(a)(1).

    c. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule Civil Procedure 54(d)(2), and Local Rule Civil Procedure 54.2; and

    d. Her taxable costs incurred herein, pursuant to Federal Rule Civil Procedure 54(d)(1), Local Rule Civil Procedure 54.1, and 28 U.S.C. § 1920.

**Count Three:**
**Failure to Provide Reasonable Accommodation, ADA**
**42 U.S.C. §§ 12112(a) and (b)(5)(A)**

52. Kristin repeats and realleges each allegation of this complaint as if fully set forth in this claim.

53. Kristin is a qualified individual with a disability.

54. GoDaddy failed to make reasonable accommodation to the physical and mental limitations of Kristin.

55. GoDaddy failed to initiate or engage with Kristin to identify the precise limitations resulting from her disabilities and potential accommodations that could overcome those limitations.

56. The unlawful employment practices complained of in the foregoing were and are intentional.

57. The unlawful employment practices complained of in the foregoing paragraphs were and are done with malice or with reckless indifference to the federally protected rights of Kristin.

58. As a direct and proximate results of the conduct by conduct of GoDaddy, Kristin is entitled to compensatory damages including for suffering, pain, (including pain and suffering due to developing Complex Regional Pain Syndrome (CRPS)), inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, anxiety, sorrow, fear, depression, loss of sleep, nightmares, loss of the love, care, affection, companionship, and other pleasures of the marital relationship, change in demeanor, and harmed reputation at work. Kristin also incurred medical expenses. Kristin is reasonably likely to incur more compensatory damages in the future.

59. Injunctive relief should be granted for Kristin against the Defendant to prevent further acts of retaliation, particularly since the Defendant appears to be oblivious to their duties and liabilities under 42 U.S.C. §§ 12112(a) and (b)(5)(A).

60. The unlawful employment practices complained of were intentional.

61. The unlawful employment practices complained of were done with malice or with reckless indifference to Kristin's federally protected rights.

62. Kristin seeks a judgment for the following:

    A. Compensatory and general damages in an amount to be determined by the trier-of-fact;

B.  Monetary damages, including lost wages, salary, employment benefits, 401K vesting, stocks, and other compensation, in an amount to be proven at trial;

C.  Reinstatement, or front pay in lieu of reinstatement;

D.  Injunctive relief to prevent future similar violations of federal statutes and to remedy harm done to Kristin;

E.  Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule Civil Procedure 54(d)(2), and Local Rule Civil Procedure 54.2; and

F.  Her taxable costs incurred herein, pursuant to Federal Rule Civil Procedure 54(d)(1), Local Rule Civil Procedure 54.1, and 28 U.S.C. § 1920.

## Count Four:
### Discriminatory Discharge, ADA
### 42 U.S.C. §§ 12112(a) and (b)(5)(B)

63. Kristin is a qualified individual with a disability.

64. GoDaddy terminated Kristin because of her disabilities and/or because she had physical or mental limitations requiring reasonable accommodation.

65. The unlawful employment practices complained of in the foregoing paragraphs were and are intentional.

66. The unlawful employment practices complained of in the foregoing paragraphs were and are done with malice or with reckless indifference to the federally protected rights of Kristin.

67. As a direct and proximate results of the conduct by conduct of GoDaddy, Kristin is entitled to compensatory damages including for suffering, pain, (including pain and

suffering due to developing Complex Regional Pain Syndrome (CRPS)), inconvenience, diminished enjoyment of life, humiliation, outrage, discomfort, anxiety, sorrow, fear, depression, loss of sleep, nightmares, loss of the love, care, affection, companionship, and other pleasures of the marital relationship, change in demeanor, and harmed reputation at work. Kristin also incurred medical expenses. Kristin is reasonably likely to incur more compensatory damages in the future.

68. Injunctive relief should be granted for Kristin against the Defendant to prevent further acts of retaliation, particularly since the Defendant appears to be oblivious to their duties and liabilities under 42 U.S.C. §§ 12112(a) and (b)(5)(B).

69. The unlawful employment practices complained of were intentional.

70. The unlawful employment practices complained of were done with malice or with reckless indifference to Kristin's federally protected rights.

71. Kristin seeks a judgment for the following:

G. Compensatory and general damages in an amount to be determined by the trier-of-fact;

H. Monetary damages, including lost wages, salary, employment benefits, 401K vesting, stocks, and other compensation, in an amount to be proven at trial;

I. Reinstatement, or front pay in lieu of reinstatement;

J. Injunctive relief to prevent future similar violations of federal statutes and to remedy harm done to Kristin;

K.     Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. § 1988 (b), (c), Federal Rule Civil Procedure 54(d)(2), and Local Rule Civil Procedure 54.2; and

L.     Her taxable costs incurred herein, pursuant to Federal Rule Civil Procedure 54(d)(1), Local Rule Civil Procedure 54.1, and 28 U.S.C. § 1920.

WHEREFORE, Kristin prays for the following relief:

1.     For a declaration that GoDaddy violated Kristin's rights under Title VII, the FMLA, and the ADA;

2.     For a declaration that Lakshmanan violated Kristin's rights under the FMLA;

3.     All relief available under the statutes and common laws asserted in this case.

4.     For injunctive relief, including a permanent injunction prohibiting GoDaddy from engaging in discrimination under Title VII, the ADA, or interference under the FMLA;

5.     For injunctive relief, including a permanent injunction prohibiting Lakshmanan from engaging in interference under the FMLA;

6.     For equitable relief such as employment, promotion, reinstatement or, in lieu of reinstatement, front pay;

7.     For liquidated damages;

8.     For compensation for past and future non-pecuniary losses (including medical expenses) resulting from the unlawful practices under Title VII and the ADA;

9.     For interest on the above amounts at the highest legal rate from the date of Judgment until paid in full;

10.    For reasonable attorneys' fees;

11. Taxable costs.

12. All other relief the court shall deem is just.

**DATED** this 21st day of July 2020.

        **HOUK LAW FIRM, PLLC**

        By:   /s/ Christopher R. Houk
               Christopher R. Houk
               *Attorneys for Kristin Fast*

ORIGINAL of the foregoing e-filed this 21st day of July 2020.

/s/Christopher R. Houk
Christopher R. Houk