C. Christine Burns #017108
Benjamin J. Naylor #023968
**BURNSBARTON PLC**
2201 East Camelback Road, Ste. 360
Phoenix, AZ 85016
Phone: (602) 753-4500
christine@burnsbarton.com
ben@burnsbarton.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristin Fast,<br><br>   Plaintiff,<br><br>vs.<br><br>GoDaddy.com, LLC, a foreign limited liability company, Thyagi Lakshmanan, Revathi Thyagarajan,<br><br>   Defendants. | NO. 2:20-cv-01448-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S VOLUNTARY DISMISSAL REQUEST**<br><br>(Hearing set for March 25, 2022 at 10:00 a.m.) |

Defendants GoDaddy.com, LLC, Thyagi Lakshmanan, and Revathi Thyagarajan (together, "Defendants") submit this response to Plaintiff's Voluntary Dismissal Request (Dkt. 123) (the "Motion"). Defendants do not oppose Plaintiff's request to dismiss this case, *with prejudice*, pursuant to Fed. R. Civ. P. 41(a)(2). However, Defendants respectfully ask the Court to exercise its discretion to condition that dismissal upon Plaintiff's payment of Defendants' taxable costs, and at least a portion of the attorneys' fees the Court committed to award Defendants as a sanction for Plaintiff's extensive discovery abuses.[1] (Dkt. 116, p. 40). Among the reasons why an award of attorneys' fees and costs is justified and appropriate as a condition of dismissal are the following:

- Upon dismissing this case with prejudice, Defendants will be the "prevailing

---

[1] As an alternative procedure, the Court may choose to dismiss this case under Rule 41(a)(2), and then permit Defendants to file an application for attorneys' fees to determine the amount of attorneys' fees to be awarded pursuant to the Court's February 3, 2022 Order (Dkt. 116, p. 40).

party" entitled to their taxable costs under to Rule 54(d)(1) and LRCiv. 54.1.

- The Court's prior order committing to award Defendants, at the conclusion of this case, "some, and perhaps all of Defendants' attorneys' fees and costs associated with [their motion for sanctions (Dkt. 93) and related work]" is the law of the case, and Plaintiff should not be allowed to avoid that sanction by voluntarily dismissing her claims.
- As the Court previously held, there is a statutory basis independent of Rule 41(a)(2) that justifies an award of costs and attorneys' fees to Defendants – Rules 37(c)(1) and 37(e).
- "Exceptional circumstances" are present in this case, which themselves justify an award of costs and attorneys' fees as a condition of dismissal.

This Response is supported by the following Memorandum of Points and Authorities, and the Court's entire record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.      Defendants are the "Prevailing Party" Entitled to Their Taxable Costs.**

When a court grants a plaintiff's Rule 41(a)(2) motion for voluntary dismissal with prejudice, the defendant is deemed the "prevailing party" for purposes of Fed. R. Civ. P. 54. *Woytenko v. Ochoa*, No. CV-19-00413-TUC-DCB, 2021 WL 763879, at *7 (D. Ariz. Feb. 26, 2021); *see also Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009) ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court."). Rule 54(d)(1) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." *Id*. Accordingly, Defendants respectfully request an order from the Court declaring them to be the "prevailing party," and permitting them to file a bill of costs in accordance with Fed. R. Civ. P. 54(d)(1) and LRCiv. 54.1. *See Bd. of Trustees as Trustees of the Nat'l Roofing Indus. Pension Fund v. Von Noorda*, No. 216CV00170JADDJA, 2019 WL 4044009, at *3 (D. Nev. Aug. 27,

2019) (after a Rule 41(a)(2) dismissal with prejudice, court concluded defendants were the "prevailing party" and permitted them to seek costs).

**B.    The Court's February 3, 2022 Order is the "Law of the Case."**

During this case, Plaintiff committed a vast array of discovery abuses, which were the subject of extensive briefing (Dkts. 93, 96, 101, 113, 115) and multiple hearings (Dkts. 70, 86, 105).  In an Order dated February 3, 2022 (Dkt. 116), the Court ruled that Plaintiff had violated the Rules of Civil Procedure by engaging in discovery misconduct and spoliation, including: failing to preserve and deleting Facebook posts, failing to preserve and manipulating Facebook Messenger messages, failing to take reasonable steps to back up her allegedly stolen iPhone or preserve her @cox.net emails, failing to preserve Telegraph messages and audio recordings, and failing to produce critically important email communications with her doctor, Donald Rhodes.  *Id*.  The Court further held that Plaintiff had spoliated certain of this evidence with the intent to deprive Defendants of the use of that evidence in this lawsuit.  (Dkt. 116, pp. 12, 19, 29-30).  In the Court's own words, "Plaintiff's troubling actions in this case are not mere minor oversights, as her counsel suggests. They are serious violations of Plaintiff's duty to preserve ESI and her obligations under the Federal Rules of Civil Procedure."  (Dkt. 116, p. 39).  As a result, the Court awarded Defendants an array of sanctions under Rules 37(e) and 37(c)(1).  (Dkt. 116, pp. 40-41).

One such sanction was an award of attorneys' fees to Defendants to compensate them for the legal expense incurred as a result of investigating Plaintiff's discovery abuses and bringing them to the Court's attention.  (Dkt. 116, p. 40).  Specifically, the Court held:

> The Court will require Plaintiff to pay some, and perhaps all, of Defendants' attorneys' fees and costs associated with preparing for and litigating the motion for sanctions (Doc. 93), the hearing on December 16, 2021, the supplemental briefing ordered by the Court (including, potentially, Defendants' retention of a forensic evidence expert in connection with the supplemental briefing), and further discovery ordered by the Court in relation to this motion. The amount of fees and costs

>will be determined after trial, when the Court can evaluate them in light of the ultimate outcome of this case.

Defendants conservatively estimate that their attorneys' fees and costs for the categories of work listed above exceed $115,000. These are fees and costs that Defendants never should have had to incur, which required extensive and considerable investigation and analysis of Plaintiff's production and could have been entirely avoided if Plaintiff had complied with her discovery obligations and not spoliated evidence in an attempt to deprive Defendants of the same. And although the *amount* of fees and costs Plaintiff will have to pay has not yet been determined by the Court, Plaintiff's *duty* to pay at least a portion of Defendants' fees and costs was decided by the Court's February 3, 2022 Order and remains the law of the case.

"The law of the case doctrine provides that a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case. Because the purpose of the doctrine is to promote judicial finality, it necessarily follows that the law of the case acts as a bar only when the issue in question was actually considered and decided by the first court." *Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 10410091, at *3 (D. Ariz. Dec. 20, 2017) (unpublished) (citing *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 369 (D. Ariz. 2013)) (internal quotations and citations omitted). Here, the Court has decided that Plaintiff "will" pay at least a portion of Defendants' attorneys' fees and costs. (Dkt. 116, p. 40). In her Motion, Plaintiff attempts to re-litigate that issue by making excuses for her discovery misconduct and asking the Court to allow her to voluntarily dismiss her claims without paying any of the attorneys' fees and costs the Court already ruled she must. Plaintiff's request to walk away from this lawsuit *and* avoid the sanctions already imposed upon her should be rejected because she is bound by this Court's prior rulings and may not re-litigate the issue of whether she is responsible for payment of at least a portion of Defendants' fees and costs. *Mitchell v. United States*, No. CV-09-08089-PCT-DGC, 2018 WL 4467897, at *2–3 (D. Ariz. Sept. 18, 2018), *aff'd*, 958 F.3d 775 (9th Cir. 2020).

Because the circumstances of this case are unique, on-point controlling case law is sparse. Nevertheless, *Guttenberg v. Emery*, 68 F. Supp. 3d 184 (D.D.C. 2014) is instructive. In *Guttenberg*, the defendant successfully moved to dismiss all but one of the plaintiff's claims. However, the court rejected the defendant's request for attorneys' fees and costs in connection with that motion to dismiss. Months later the plaintiff moved to voluntarily dismiss his remaining claim, without prejudice, pursuant to Rule 41(a)(2). The defendant asked the court to grant dismissal, but impose the condition that plaintiff pay the defendant's attorneys' fees. The court rejected the defendant's request, finding that it had previously held (in connection with the defendant's motion to dismiss) that the defendant was not entitled to its attorneys' fees and "[t]hat holding remains the law of this case." *Id*. at 193. Accordingly, the court granted the plaintiff's Rule 41(a)(2) dismissal request without conditions. *Id*.

The instant case presents an inverse fact pattern, but the core legal principle of *Guttenberg* still applies – specifically, that the "law of the case" doctrine controls throughout the case, even where the plaintiff requests dismissal under Rule 41(a)(2). Here, this Court already ruled that Plaintiff must pay at least a portion of Defendants' attorneys' fees and costs. Thus, if the Court grants Plaintiff's Motion, the law of the case doctrine requires dismissal to be conditioned on Plaintiff's payment of at least a portion of Defendants' attorneys' fees and costs.

**C.    An Award of Attorneys' Fees Is Compatible With a Rule 41(a)(2) Dismissal With Prejudice.**

"Federal Rule of Civil Procedure 41(a)(2) allows the court, at a plaintiff's request, to dismiss an action on terms the court considers proper." *Delivery Fin. Servs. LLC v. Lemberg L. LLC*, No. CV-18-04242-PHX-ESW, 2020 WL 364183, at *1 (D. Ariz. Jan. 22, 2020) (internal quotations omitted). "In deciding a motion under Rule 41(a)(2), the Court must decide: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and, (3) what terms and conditions, if any, should be imposed."

*Woytenko v. Ochoa*, No. CV-19-00413-TUC-DCB, 2021 WL 763879, at *5 (D. Ariz. Feb. 26, 2021) (citing Fed. R. Civ. P. 41(a)(2) and *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)). Whereas awards of attorneys' fees under Rule 41(a)(2) are common when the dismissal is *without prejudice*, courts infrequently award attorneys' fees under Rule 41(a)(2) when the case is dismissed *with prejudice*. *Carroll v. E One Inc*, 893 F.3d 139, 146 (3d Cir. 2018).

Nevertheless, some courts have held that when a case is dismissed with prejudice under Rule 41(a)(2), an award of attorneys' fees is appropriate when there is independent statutory authority for such an award. *See, e.g.*, *Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985); *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852-853 (W.D. Mich. 2007), *aff'd*, 277 F. App'x 530 (6th Cir. 2008). Other courts have held that awarding attorneys' fees as a condition of a Rule 41(a)(2) dismissal with prejudice is justified upon a showing of "exceptional circumstances," and may be appropriate where such fees and costs were unnecessarily incurred. *See, e.g.*, *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("Today, we continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances"); *Colombrito*, 764 F.2d at 134; *Carroll*, 893 F.3d at 147; *Off. & Pro. Emps. Int'l Union, Loc. 2 v. Sheet Metal Workers Int'l Ass'n*, No. CV 07-2124 (RWR), 2008 WL 11397884, at *1 (D.D.C. June 26, 2008).

The Ninth Circuit Court of Appeals has not resolved the issue of when, and under what circumstances, attorneys' fees may be awarded against a party[2] pursuant to a Rule 41(a)(2) dismissal with prejudice. *See e.g.*, *Beard v. Sheet Metal Workers Union, Loc. 150*, 908 F.2d 474, 477 (9th Cir. 1990) ("Beard's appellate brief cites *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985), for the proposition that whereas fees may be awarded when a plaintiff's suit is dismissed without prejudice under Rule 41(a)(2), such fees are usually

---

[2] The Ninth Circuit has addressed the issue of sanctioning *attorneys* under Rule 41(a)(2), holding that rule "in itself is not specific statutory authority for the imposition of sanctions against an attorney. There is no explicit Congressional authorization for the attorney sanctions." *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993) (internal quotations omitted).

unavailable when the suit is dismissed with prejudice absent independent statutory authority for such an award. We have never explicitly embraced such a view, and need not address the advisability of doing so now."); *but see Chavez v. Northland Grp.*, No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *4 (D. Ariz. Feb. 1, 2011) (finding "Fed. R. Civ. P 41(a) does not itself authorize the imposition of fees and costs as a condition of dismissal," and evaluating the defendant's request for fees under 15 U.S.C. § 1692k, 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and the Court's inherent authority). Despite the absence of clear direction from the Ninth Circuit on this issue, an award of attorneys' fees is appropriate in the instant case under both standards set forth above, because: (1) there is an independent statutory basis for awarding attorneys' fees and costs, and (2) "exceptional circumstances" exist which justify an award of attorneys' fees and costs.

> 1. There is a Statutory Basis for Awarding Costs and Attorneys' Fees Independent of Rule 41(a)(2).

An award of attorneys' fees is justified here if the Court chooses to follow the line of cases holding that when a case is dismissed with prejudice under Rule 41(a)(2), an award of fees is appropriate when there is independent statutory authority for such an award. *See e.g., Colombrito*, 764 F.2d at 134; *Degussa Admixtures, Inc.*, 471 F. Supp. 2d at 852-853. That is because the attorneys' fees Defendants are asking the Court to award as a condition of dismissal with prejudice have already been awarded as a sanction for discovery abuses under Rules 37(c)(1) and 37(e). (Dkt. 116). Thus, the Court need not rely on its discretion under Rule 41(a)(2) to award attorneys' fees, as it has already found – after months of briefing and arguments culminating in a detailed 41-page Order – that those fees are justified under Rules 37(c)(1) and 37(e) based on Plaintiff's discovery misconduct.

A similar scenario occurred in *Bd. of Trustees as Trustees of Nat'l Roofing Indus. Pension Fund v. Von Noorda*, No. 2:16-CV-00170-JAD-DJA, 2019 WL 4044009 (D. Nev. Aug. 27, 2019). In that case, the plaintiff-trustees moved to compel documents from defendants and requested their attorneys' fees associated with the motion to compel and

related hearing. The magistrate judge who heard the plaintiffs' motion to compel agreed, and awarded them attorneys' fees in the amount of $5,868.75, pursuant to Rule 37(b)(2). Months later, the plaintiff-trustees sought to dismiss their lawsuit under Rule 41(a)(2), *with prejudice*, subject to two conditions: "(1) each party should pay its own fees and costs because defendants will not face the risk of future litigation with a with-prejudice dismissal, but (2) the $5,868.75 discovery-sanction judgment they obtained against the defendants should stand." *Id*. at *1. The defendants objected, citing alleged misconduct by the plaintiffs that delayed the case and caused them expense. *Id*. at *3. The plaintiffs responded that "the proper way for the defendants to challenge a sanction order is through an appeal, and that the law of the case requires that the sanctions stick." *Id*.

The District Court (Judge Dorsey) agreed with the plaintiffs, finding the sanctions at issue were independently justified by the rules of discovery, and would not be disposed of as a condition of a Rule 41(a)(2) dismissal with prejudice:

> This sanction was imposed under Rule 37(b)(2)(c), which "authorizes sanctions for failure to comply with discovery orders" in the form of attorneys' fees assessed against the party who failed to comply with the discovery orders. The purpose of Rule 37 sanctions is "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." So the rule provides an independent basis to sustain the sanction award upon dismissal. After reviewing the parties' briefing on the motion and arguments at a hearing on the motion, the magistrate judge granted the motion and ultimately awarded the Trusts $5,868.75 in attorneys' fees. The Clerk of Court entered judgment consistent with the magistrate judge's order. Because the sanction was warranted for discovery conduct, I do not find that wiping out that sanction would be a just and proper condition of dismissal . . . I thus decline to condition the with-prejudice dismissal of this case on the vacation of the sanction judgment. The $5,868.75 as awarded in the sanction judgment will remain due following this dismissal.

*Id*. at *4 (footnotes omitted). The *Von Noorda* court's holding is equally applicable here,

where Plaintiff is asking this Court to dispose of the attorneys' fees sanction Defendants were awarded as a condition of her requested Rule 41(a)(2) dismissal with prejudice. But, as was the case in *Von Noorda*, the attorneys' fees awarded against Plaintiff were sanctions for her discovery misconduct, justified by Rules 37(a)(1) and 37(e), which "provide[] an independent basis to sustain the sanction award upon dismissal." *Von Noorda*, at *4. Accordingly, the Court must not "wipe out" these independently-justified sanctions as a condition of dismissal under Rule 41(a)(2).

> 2. "Exceptional Circumstances" Exist, Which Justify an Award of Attorneys' Fees.

There is also a viable legal basis for the Court to award Defendants attorneys' fees as a condition of granting Plaintiff's Rule 41(a)(2) dismissal with prejudice, separate and apart from the independent statutory basis (Rules 37(c)(1) and 37(e)) and "law of the case" doctrine, which both provide independent grounds for sustaining the existing attorneys' fee award upon dismissal. Specifically, "exceptional circumstances" are present in the facts of this case, which themselves justify an award of attorneys' fees as a condition of dismissal under Rule 41(a)(2), and the Court has discretion to award attorney fees as a condition of dismissal under Rule 41(a)(2). *Carroll*, 893 F.3d at 145.

Courts that have considered what constitutes "exceptional circumstances" in this scenario often cite "a litigant's failure to perform a meaningful pre-suit investigation, coupled with a litigant's repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system." *Carroll*, 893 F.3d at 149; *accord AeroTech*, 110 F.3d at 1528; *Colombrito*, 764 F.2d at 134-135; *Off. & Pro. Emps. Int'l Union, Loc. 2*, No. CV 07-2124 (RWR), 2008 WL 11397884, at *1. However, none of these courts have held such factors to be exclusive, and in *Carroll* the Third Circuit emphasized the district court's discretion to award attorneys' fees where parties or their counsel "frivolously expose their adversaries to unnecessary litigation costs," holding "[w]e will not require district courts to wear blinders when exercising the

broad discretion afforded them under Rule 41(a)(2)." *Carroll*, 893 F.3d at 152.

Indeed, this Court is not blind to Plaintiff's extensive misconduct throughout this case. Several "exceptional circumstances" exist, which justify an award of attorneys' fees under Rule 41(a)(2), pursuant to the standard set forth in *Carroll* and its related cases.

First, although this is an employment lawsuit, Plaintiff did not simply sue her employer, GoDaddy.com, LLC. Plaintiff individually sued her manager, Thyagi Lakshmanan and his wife Revathi Thyagarajan. Plaintiff did not sue Mr. Lakshmanan and Ms. Thyagarajan based on a meaningful pre-suit investigation and a good faith belief that they violated the law. *Carroll*, 893 F.3d at 149. Rather, Plaintiff sued them with the malicious (and misguided) intent to have them deported from the United States.[3] In a contemporaneous message, Plaintiff described her bad-faith litigation tactics as follows:

> I was telling Jeff last night that if I filed a personal lawsuit against Thyagi it could get him deported and [my daughter] stood up for Thyagi! She literally got mad at me for wanting to deport him.

(Dkt. 93-1, at Exh. A, p. 39 of 99). After suing Mr. Lakshmanan, Plaintiff used this lawsuit to disparage him in publicly-filed documents, referring to him as "a snake in the grass," a "HORRIBLE manager," and an "idiot." (Motion, Dkt. 123-2, at Exh. 17, pp. 31-32 of 52; Dkt. 96-1, p. 173 of 260). Despite its baseless nature, this lawsuit has created enormous anxiety, stress, and uncertainty for Mr. Lakshmanan and Ms. Thyagarajan since it was filed 20 months ago. Mr. Lakshmanan has devoted countless hours to assisting and participating in his defense. This lawsuit will follow Mr. Lakshmanan and Ms. Thyagarajan for the rest of their lives as it is part of the public record, visible to prospective employers, lenders, and anyone else who should choose to "Google" their names. Mr. Lakshmanan and Ms. Thyagarajan were named as defendants in bad faith, and their inclusion in this lawsuit unnecessarily increased Defendants' litigation costs.

Second, Plaintiff exponentially expanded the scope of this litigation by engaging in

---

[3] As noted in prior briefing, Mr. Lakshmanan has been a United States citizen since 2006.

widespread discovery abuses that included failing to preserve evidence, failing to produce evidence, destroying evidence, and altering evidence. Defendants will not rehash the lengthy saga of Plaintiff's spoliation and the sanctions that were ultimately imposed on her, except to note the significant delay and expense that Plaintiff's misconduct added to these proceedings. Defendants began investigating Plaintiff's discovery abuses around August 2021, they met and conferred with Plaintiff throughout September 2021, they brought Plaintiff's misconduct to the Court's attention during two hearings in October 2021, they filed their Motion for Sanctions (Dkt. 93) in November 2021 and argued and supplemented briefing on that motion in December 2021 and January 2022, before receiving a ruling from this Court imposing sanctions against Plaintiff (Dkt. 116), including – most importantly for purposes this brief – an award of attorneys' fees and costs, which it now asks the Court to honor as part of the dismissal of this lawsuit.

Third, undeterred by the sanctions already awarded against her, Plaintiff continues to lie to, and mislead, the Court. Defendants will not dissect Plaintiff's entire Motion here. But among the misrepresentations most relevant to the issues currently before the Court, is Plaintiff's attempt to "walk away" from the attorneys' fee sanction already imposed against her by complaining that this lawsuit has caused her financial hardship that has forced her to work "three jobs" since June 2021. (Motion, pp. 24, and Declaration of Kristin Fast ¶ 22). This is directly contradicted by her August 5, 2021 sworn deposition, in which Plaintiff testified under oath as to having *one job* where she makes over $170,000 per year, and that she had no problems paying her bills – in her words, "I make plenty of money."[4] (Deposition of Kristin Fast, Dkt. 93-3, Exh. C, at internal deposition pp. 234:6-25, 291:4-16). Additionally, in her Motion, Plaintiff alleges that she has been forced to rent a house to help subsidize the cost of this lawsuit. (Motion, p. 5). To be clear, Plaintiff owns a *second home* in Tampa, Florida, which she chooses to rent on Airbnb. (Motion, Dkt. 123-

---

[4] Notably absent from Plaintiff's Motion's 350+ pages of exhibits is any evidence to support her allegation that she is unable to pay her attorney fees or the fee award to Defendants.

-11-

5, at Exh. 46, p. 20 of 45, at ¶ 20). According to that website,[5] Plaintiff charges upwards of $271 per night, and the property is booked for nearly the entire months of March and April 2022.

Finally, Plaintiff baselessly accuses GoDaddy and its counsel of all kinds of misconduct.[6] GoDaddy and its counsel vehemently deny Plaintiff's allegations; indeed, her characterization of GoDaddy and its counsel's conduct is plainly contradicted by the exhibits attached to her Motion (such as correspondence between Plaintiff and her lawyers and GoDaddy counsel). Plaintiff's Motion also focuses on her poor health and claims the Court should dismiss the case because she is physically unable to continue to litigate. (Motion, p. 4). While Defendants are sympathetic to anyone who is in ill health, Plaintiffs' inconsistent statements regarding her capabilities (as previously noted by the Court in its sanctions Order) make it difficult to discern the truth. Moreover, her Motion itself (a 55-page single-spaced brief with multiple references to articles, rules, and even case law, coupled with 350+ pages of carefully selected exhibits) seems to contradict Plaintiff's representations about her own physical capabilities.

All of Plaintiff's conduct set forth above was committed in bad faith, and had the effect of frivolously exposing Defendants to unnecessary litigation costs. *Carroll*, 893 F.3d at 152. Accordingly, "exceptional circumstances" are present in this case, which justify an award of attorneys' fees and costs as a condition of dismissal pursuant to Rule 41(a)(2).

D.    **Conclusion**.

After committing extensive discovery abuses resulting in multiple sanctions, Plaintiff should not be permitted to "walk away" from this lawsuit and completely avoid

---

[5] *See* Airbnb rental listing, "Tropical Oasis by River w/ Private Heated Pool!," https://www.airbnb.com/rooms/42229247?s=40&unique_share_id=BCFC72E9-1D2C-47B4-BC4C-20DBA69B2D6E&_branch_match_id=1035245411643547228&_branch_referrer=H4sIAAAAAAAAA8soKSkottLXT0zKS9LLTdXPyTALd3U0dnTJTwIAhNIVNxsAAAA%3D&source_impression_id=p3_1648059967_mW%2F%2BO6xRPXJpSByb (last accessed March 23, 2022).

[6] Indeed, Plaintiff fails to take any responsibility whatsoever for any of her conduct in this case, instead choosing to blame GoDaddy, its lawyers, her lawyers (both Mr. Houk and her workers compensation attorney), the phone/internet companies, the court reporter, and her friend Lee Mudro.

accountability for her actions. For the reasons set forth above, Defendants respectfully ask the Court to exercise its discretion to condition the dismissal of this lawsuit upon Plaintiff's payment of Defendants' taxable costs, and at least a portion of the attorneys' fees the Court committed to award Defendants as a sanction for Plaintiff's extensive discovery abuses. (Dkt. 116, p. 40). Alternatively, Defendants respectfully request the right to file a bill of costs and an application for attorneys' fees to determine the amount of attorneys' fees to be awarded pursuant to the Court's February 3, 2022 order.

RESPECTFULLY SUBMITTED this 23rd day of March, 2022.

**BURNSBARTON PLC**


By  */s/ Benjamin J. Naylor*
     C. Christine Burns
     Benjamin J. Naylor

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

A COPY was also e-mailed on this 23rd day of March 2022, to:

Kristin Fast
606 137th St. NE
Bradenton, FL 34212
Telephone: (480) 209-5489
kristin.l.fast@gmail.com
*Plaintiff Pro Per*

s/ *Carolyn Galbreath*