**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristin Fast,<br><br>          Plaintiff,<br><br>v.<br><br>GoDaddy.com LLC, et al.,<br><br>          Defendants. | No. CV-20-01448-PHX-DGC<br><br>**ORDER** |

Plaintiff Kristin Fast has moved to dismiss this case with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Doc. 123. Defendants do not oppose dismissal with prejudice, but argue that the Court should, as a condition of dismissal, require Plaintiff to pay some of the discovery sanctions previously assessed against her in this case. Doc. 124. The Court heard oral arguments on this issue on March 25, 2022.

**I.    Background.**

In February 2018, while Plaintiff was employed by Defendant GoDaddy, she injured her knee in a skiing accident and underwent surgery. Plaintiff alleges that she was pressured to return to work prematurely following her surgery and, as a result, developed complex regional pain syndrome, a debilitating physical condition. Plaintiff's job later was eliminated, and she alleges that GoDaddy retained male employees with less technical skill despite its assertion that she was terminated for lacking technical skill. Plaintiff asserts claims for sex and disability discrimination and Family Medical Leave Act retaliation.

After the time for fact and expert discovery in this case had closed, Defendants claimed that Plaintiff had knowingly deleted relevant information from her electronic devices and accounts and had failed to produce other relevant information in a timely fashion. They sought sanctions under Rule 37(e) for spoliation of electronically stored information ("ESI") and sanctions under Rule 37(c)(1) for failure to produce relevant information.

The parties filed more than 70 pages of briefing and more than 1,500 pages of exhibits (Docs. 93, 96, 101, 113, 115), and the Court held two hearings (Docs. 86, 105). The Court ultimately found that Plaintiff had knowingly destroyed and withheld relevant evidence: "Plaintiff's troubling actions . . . are not mere minor oversights, as her counsel suggests. They are serious violations of Plaintiff's duty to preserve ESI and her obligations under the Federal Rules of Civil Procedure." Doc. 116 at 39. Among other sanctions, the Court held that Defendants were entitled to an adverse inference jury instruction at trial, to conduct a forensic examination of Plaintiff's digital devices, and to engage in limited additional discovery. *Id.* at 40-41. The Court also held that Plaintiff should reimburse Defendants for costs caused by her breach of discovery obligations:

> The Court will require Plaintiff to pay some, and perhaps all, of Defendants' attorneys' fees and costs associated with preparing for and litigating the motion for sanctions (Doc. 93), the hearing on December 16, 2021, the supplemental briefing ordered by the Court (including, potentially, Defendants' retention of a forensic evidence expert in connection with the supplemental briefing), and further discovery ordered by the Court in relation to this motion. The amount of fees and costs will be determined after trial, when the Court can evaluate them in light of the ultimate outcome of this case.

Doc. 116 at 40.

Following entry of this order, Plaintiff fired her attorney and talked with Defendants and the Court about the possibility of dismissing her case. When Plaintiff and Defendants could not agree on terms for dismissal, Plaintiff filed the motion for voluntary dismissal with prejudice under Rule 41(a)(2). Doc. 123. Defendants ask the Court to require

- 2 -

Plaintiff to pay their taxable costs and some portion of the fees they incurred litigating her preservation and discovery violations. Doc. 124 at 1. Defendants assert that they have incurred more than $115,000 in attorneys' fees and costs litigating these issues. *Id.* at 4. They do not ask the Court to award fees for their non-spoliation-related defense of this case.

Plaintiff's motion to dismiss consists of 55 single-spaced pages and more than 330 pages of exhibits. *See* Doc. 123. She spends most of her motion re-arguing the Court's spoliation ruling, asserting that the loss of evidence was not due to knowing conduct on her part but rather to her now-terminated lawyer's misguidance, her severe medical conditions, and alleged bullying by defense counsel. *Id.*

The Court will not reconsider its spoliation ruling. The parties briefed that issue extensively and the Court held two hearings before entering a 41-page order addressing Plaintiff's conduct in detail. Doc. 116. The Court offered the parties an evidentiary hearing and no party requested one (Doc. 116 at 1 n.1), and Plaintiff did not file a motion for reconsideration of the Court's ruling within the time required by the Court's local rules. *See* LRCiv 7.2(g)(2) (motion for reconsideration must be filed within 14 days of the ruling to be reconsidered). The Court instead will decide whether Plaintiff should now be required to pay some of the previously-imposed monetary sanctions as a condition of dismissing her case with prejudice.

**II.  Legal Standards.**

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because dismissal under Rule 41(a)(1) is no longer available in this case, Plaintiff may dismiss her case only with the Court's permission and upon such terms as the Court deems appropriate at this stage of the litigation.

Plaintiffs who seek to dismiss their case *without* prejudice often are required to pay some or all of the fees incurred by the opposing party. *See* 1 S. Gensler & L. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary, Rule 41 at 1258 (2021) ("The

most common condition [for dismissals without prejudice] is to require the plaintiff to compensate the defendant for costs and attorneys' fees incurred in that suit.") (citing cases).

Dismissals *with* prejudice are approached differently.  Courts usually hold that such dismissals – which foreclose plaintiffs from reasserting dismissed claims – should not be accompanied by an order to pay the opposing party's fees and costs.  *See Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985) ("[W]hen a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2), attorneys' fees have almost never been awarded."); *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985) ("Fees are not awarded [under Rule 41(a)(2)] when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again.") (internal quotation marks omitted); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (holding that attorneys' fees are not proper under Rule 41(a)(2) where the dismissal is with prejudice).

More recent cases have recognized an exception to this rule.  As the Third Circuit has explained:

> [C]ourts have often recognized the same general principle that the District Court recognized in this case: although attorneys' fees and costs may be frequently awarded when dismissal is without prejudice, attorneys' fees and costs are not typically appropriate when dismissal is with prejudice. Importantly, however, these cases do not hold that fees can never be awarded in light of extraordinary circumstances.  Indeed, courts have held that awarding attorneys' fees and costs as a term of a Rule 41(a)(2) dismissal may be appropriate where such fees and costs were unnecessarily incurred.

*Carroll v. E One Inc.*, 893 F.3d 139, 147 (3d Cir. 2018); *see also AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (recognizing that fees and costs may be imposed for a dismissal with prejudice in "exceptional circumstances"); Gensler, *supra*, at 1257 ("When the plaintiff seeks dismissal with prejudice, courts generally should not require payment of attorney's fees as a condition [of] dismissal because the defendant is not confronted with the risk of repeat litigation, although such a condition might be appropriate

in exceptional circumstances."). The Court accordingly must decide whether this case presents exceptional circumstances.[1]

If a court orders the payment of fees and costs as a condition of voluntary dismissal under Rule 41(a)(2), it generally must give the plaintiff a choice to either accept the conditions and dismiss the case, or withdraw the request for dismissal and proceed with the litigation. *See Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018) ("[I]t has become commonly accepted that the plaintiff has an option not to go forward with a [Rule 41(a)(2)] dismissal if the conditions specified by the court seem too onerous.") (quotation marks and brackets omitted; discussing dismissal with prejudice); *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986) ("[T]he voluntary dismissal cannot take effect until a court order has been entered and the terms and conditions imposed by the court are complied with. This grants to the plaintiff the option to refuse the voluntary dismissal if the conditions imposed are too onerous.") (discussing dismissal without prejudice); Gensler, *supra*, at 1259 ("The court must give the plaintiff notice of what the conditions will be and an opportunity to withdraw the motion.").

**III.   Discussion.**

The Court concludes that Plaintiff's request to dismiss this case with prejudice should be granted only if she pays a portion of the fees and costs incurred by Defendants in litigating her discovery violations. Although the phrase "exceptional circumstances" has not been clearly defined in the context of Rule 41(a)(2) dismissals with prejudice, the Third Circuit found them to exist when "fees and costs were unnecessarily incurred." *Carroll*, 893 F.3d at 147. The court provided an example of such circumstances: "a litigant's failure to perform a meaningful pre-suit investigation, coupled with a litigant's repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system." *Id.* at 149. At least one other case provides the same example. *See AeroTech*, 110 F.3d at 1528.

---

[1] The Court has found no Ninth Circuit case adopting or rejecting the "exceptional circumstances" rule. The Court finds it appropriate in the circumstances of this case for reasons explained below.

- 5 -

The rationale for the distinction between dismissals with and without prejudice and for the "exceptional circumstances" rule seems to be as follows: When a plaintiff dismisses a case without prejudice and may sue the defendant again on the same claims, the costs incurred by the defendant in the litigation have not bought it peace and may well be incurred again in a second suit. The defendant should be reimbursed for fees and costs it remains at risk of incurring again. When a case is dismissed with prejudice, however, the claims cannot be reasserted. The defendant has achieved peace, is not at risk of incurring the fees and costs a second time, and, consistent with the American rule, should not recover the fees and costs required to defeat the lawsuit.[2]

But when the lawsuit to be dismissed with prejudice required the defendant to pay costs and fees that were wholly unnecessary to defeat the case – costs and fees that should not have been incurred in the normal course of litigation – the dismissing plaintiff should be required to reimburse the defendant for the unnecessary costs it imposed. Such a rule is not easily applied because distinguishing between necessary and unnecessary defense costs can be very difficult. But by limiting the rule to "exceptional circumstances" – circumstances where it is clear the lawsuit caused the defendant to incur costs that should not have been required in the normal course of litigation – cases like *Carroll* provide a workable rule that seeks to ameliorate the unfairness of a plaintiff imposing plainly unnecessary litigation expenses and then simply walking away from the lawsuit.

In this case, Plaintiff's violation of her preservation and disclosure obligations required Defendants to incur wholly unnecessary costs and fees. Had Plaintiff complied with her discovery obligations, Defendants' extensive investigation and briefing would not have been necessary. *See* Doc. 116. The Court accordingly concludes that exceptional circumstances exist and that Plaintiff should be required to pay some of the monetary sanctions it previously imposed. *Id*. at 40.

---

[2] The American rule provides that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-253 (2010) (internal quotation marks omitted).

The Court also recognizes, however, that Plaintiff is facing serious medical conditions and must help care for her family and aging parents. Defendant GoDaddy is a large and successful company, and the Court assumes it has indemnified individual Defendant Lakshmanan for his litigation costs. Balancing these equitable factors, the Court concludes that Plaintiff should be required, as a condition of her dismissal with prejudice, to pay $10,000 in sanctions previously awarded. This amount is less than Defendants have incurred, but it is a sizeable amount for an individual plaintiff to pay and a sufficient amount to recognize the preservation and discovery violations in this case and to vindicate the interests protected by the preservation and discovery rules.[3]

**IT IS ORDERED:**

1. Plaintiff's motion to dismiss this case with prejudice (Doc. 123) will be granted upon her payment to Defendant of $10,000 in sanctions previously imposed by the Court. If Plaintiff elects not to pay the sanctions, she may withdraw her motion to dismiss and this case will continue as outlined in the Court's spoliation order. *See* Doc. 116 at 40-41. All sanctions awarded in that order will remain in place.

2. Plaintiff shall, within 14 days of this order, notify Defendants and the Court whether she will pay the sanctions assessed in this order and proceed with her voluntary dismissal, or whether she instead elects to proceed with this litigation.

Dated this 28th day of March, 2022.

David G. Campbell
Senior United States District Judge

---

[3] If Plaintiff elects to proceed with voluntary dismissal and pay the $10,000 ordered, the Court will not permit Defendants to recover additional taxable costs or attorneys' fees from Plaintiff. Plaintiff expressed concern during the hearing on March 25 that Defendants would sue her once this action has concluded, but defense counsel stated on the record that Defendants will not sue Plaintiff. The Court has relied on this assurance in entering this order.